**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUPNEET SINGH,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-70994<br><br>Agency No. A206-088-855<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2020[**]
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and RAYES,[***] District Judge.

Supneet Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

(CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We review de novo due process claims. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Singh's testimony and his declaration. The inconsistences concern the details of the sole incident of harm when Singh and his two friends were attacked by members of an opposing political party. *See Shrestha,* 590 F.3d at 1047 (holding that "when an inconsistency is at the heart of the claim it doubtless is of great weight"). At the merits hearing, Singh testified that he did not know the identity of the attackers and that his attackers said nothing before beating him. But his written declaration states that the attackers arrived in a vehicle covered with Congress Party decals and flags, and that the attackers shouted "Khalistani dogs" prior to beating Singh. His proffered explanations for the inconsistencies were that he learned the identity of the attackers from his two friends following the attack, he had lost consciousness before his attackers made the statement, and he had not read the contents of his written application. It was not

2

error for the agency to reject these explanations. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C), 1252(b)(4).

Singh's CAT claim also fails because it is based on the same testimony the agency found not credible, and Singh does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in India. *See Farah*, 348 F.3d at 1156–57; 8 C.F.R. § 208.16(b)(1)(iii).

We reject Singh's contention that the IJ was unfairly biased. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). Even if we accepted Singh's contention that the IJ's questioning demonstrated bias, Singh fails to argue or show that the alleged due process violations affected the outcome of the proceedings.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Singh's emergency motion for stay of removal [Dkt. 3] is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.